IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| **JASON KING,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 1:18-cr-10069-sta |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER**
_____

Before the Court is Jason King's letter to the Court requesting that the Court amend his Judgment to reflect that his federal sentence is to run concurrent to the state sentence he received in case no. 17-cr-11 in the Jackson County Circuit Court. Mr. King states that he pled guilty in the aforementioned case with the understanding that whatever sentence he received would run concurrent to his federal sentence and that he would serve his sentence in a federal facility. Indeed, the plea agreement for the state charges which Mr. King attaches to his letter reads, "concurrent with USA v. J. King, WDTN Case No. 1:18-cr-10069-STA. This sentence can be served in a Federal Facility if run concurrently with federal charges." However, after his sentencing in federal court, he was transferred to the Gainsboro, Tennessee jail. His lawyer informed him that his Circuit Court judgment dated September 24, 2018 was incorrect – it did not contain language indicating that Mr. King's sentence was to run concurrent to his federal sentence. Subsequently, the Circuit Court issued an Amended Judgment on July 22, 2020. Mr. King was then transferred to the Tennessee Department of Corrections in the expectation, reinforced by the representations

of the jail administrator, that the U.S. Marshal Service would pick him up to take him into federal custody. However, this did not occur, and Mr. King was paroled on March 31, 2020 and was taken into federal custody at FCI Memphis on May 19, 2020. The administrators at FCI Memphis recommended, based on the language of his state and federal judgments, that Mr. King procure legal representation to get his judgment amended. Mr. King also attaches a portion from a "jail credits awarded email from TDOC" which suggests that he was awarded pre-trial jail credits from December 4, 2017 to December 5, 2017 and February 2, 2018 to February 12, 2020. It is unclear to the Court whether these credits were already applied to his state sentence that he served in the Tennessee Department of Corrections. Mr. King complains that he has not been given credit.

A review of the attached documents reveals that Mr. King's assertion that his state sentence was always to run concurrent with his federal sentence is not at all obvious from the record. First, the plea agreement upon which he bases his belief does not unequivocally say that his state charges are to run concurrently with his federal charges. Conspicuously, an arrow placed next to the language on concurrence leads to the following text: "Subject to approval of AUSA and federal court." Plainly then, although the state prosecutors were evidently not opposed to the sentences running concurrently, they deferred to the U.S. Attorney's Office and this Court to make that determination. This view was adopted by the Circuit Court, which amended Mr. King's judgment to read, "The state has no objection to this sentence running concurrent with federal charges and *can* be served in a federal facility *if* federal charges are ran concurrently." This is again a plain deferral to the federal system, as indicated by the permissive language emphasized here. Turning to the record in the federal case, the plea agreement filed on February 25, 2020 does not mention any agreement that federal charges be served concurrently to state charges. (ECF No. 28 at 1). It reads: "The defendant agrees to plead guilty to Count 1 of the indictment in the above-styled cause.

If the Court accepts the plea agreement, at the time of sentencing, the Government will move to dismiss the remaining count of the Indictment as to this defendant." *Id*. Mr. King signed the plea agreement, affirming that there existed no other agreements between and among the parties. Mr. King's plea agreement and Amended Judgment in his state case explicitly defers the decision on concurrence of sentences to the federal court. The judgment in Mr. King's federal case is silent on whether his federal sentence is to run concurrent to his state sentence. (ECF No. 39).

A court may correct or reduce a sentence within fourteen days after sentencing if the sentence resulted from arithmetical, technical, or other clear error or upon the government's motion if the defendant provided assistance to the government after sentencing. Fed. R. Crim. P. 35. Rule 35(a)'s time period is jurisdictional. *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005) (Overturning a district court's amended judgment stipulating that defendant's federal sentence should run concurrently with his state sentence.) citing *United States v. Diaz-Clark,* 292 F.3d 1310, 1317 (11th Cir.2002). Additionally, a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C.A. § 2255. A one-year statute of limitations applies to motions under § 2255. The court may additionally modify a sentence under the conditions set forth in 18 U.S.C.A. § 3582(c). A court also has jurisdiction to amend a sentence in conformity with Fed R.Crim. P. 36, which provides "the court may at any time correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." *See United States v. Robinson,* 368 F.3d 653, 655

(6th Cir.2004) ("Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing."). Absent these circumstances, a district court is without authority to modify a sentencing order including whether the federal sentence is to run concurrent to the state sentence. There is a presumption that a federal sentence imposed after a prior state sentence will be served consecutively to the state sentence. *Zabawa*, 134 F. App'x 60, 67; 18 U.S.C.A. § 3584(a).

In the present case, none of the circumstances under which a sentence may be reduced or corrected is present. None of the statutory exceptions apply, and the Court's silence in stipulating whether the sentence should run concurrently is not error under Rule 36. Therefore, the Court is without jurisdiction to modify Mr. King's sentence. In view of the judgment's silence on whether the sentence should run concurrent to state charges, the presumption of a consecutively imposed sentence controls. Further, in response to Mr. King's complaint regarding the amount of detention time prison officials have failed to credit to his sentence, the Court is without authority to determine whether a defendant should receive credit for time spent in custody. *See United States v. Wilson*, 503 U.S. 329 (The Attorney General through the Bureau of Prisons computes amounts of credit, not the district courts). This Court therefore can only strongly encourage the Bureau of Prisons to make a thorough review of Mr. King's records to determine whether he is eligible for a greater amount of credit than he has received. For the afore-stated reasons, Mr. King's request to amend the judgment order in this case is **DENIED**.

    **IT IS SO ORDERED**.

    **s/ S. Thomas Anderson**
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date: November 12, 2020.